**Fernando RODARTE,**
**Petitioner/Appellant,**

v.

**Lee BACA, Sheriff of Los Angeles County; William Silva, Executive Director of Metropolitan State Hospital; Stephen Mayberg, Director of State Department of Mental Health; and the California State Attorney General, Respondents/Appellees.**

**No. 03–56908.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 7, 2006.

Stephen E. Webber, Esq., Los Angeles, CA, for Petitioner–Appellant.

Jason C. Tran, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, and GOODWIN, Circuit Judges, and SEDWICK, District Judge.*

* The Honorable John W. Sedwick, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

MEMORANDUM **

In 1994, petitioner was convicted of violating California Penal Code § 422 and sentenced to three years in prison. Before his release in 1996, he was certified as a "mentally disordered offender" ("MDO") and civilly committed under California Penal Code § 2962. One prerequisite for commitment under that section was the commission of a crime involving force.

Petitioner challenged his commitment on the ground that his crime involved only the threat of force and not actual force. His commitment was upheld by the San Luis Obispo Superior Court and Division Six of the California Court of Appeal for the Second Appellate District ("Division Six"), which concluded that Section 2962's force requirement included threats of force. Petitioner appealed to the California Supreme Court which, while his appeal was pending, held in *People v. Anzalone,* 19 Cal.4th 1074, 81 Cal.Rptr.2d 315, 969 P.2d 160, 164–65 (1999), that under Section 2962, force did not include threats of force. The supreme court then remanded petitioner's case to Division Six to reconsider in light of *Anzalone.*

While petitioner was challenging the validity of his commitment, the State of California filed a petition to extend it in Los Angeles Superior Court. Petitioner had stipulated to an extension of his commitment to April 14, 1999, and a trial was set for April 12, 1999, to determine if it should be extended further. Before trial, however, petitioner moved to dismiss the State's extension petition on the ground that his commitment was invalid under *Anzalone.* The superior court granted the motion,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

and petitioner was released from commitment on April 12, 1999.

Things went downhill for petitioner after that. The California Legislature amended Section 2962 to include crimes involving threats of force and made the amendment applicable to anyone committed as an MDO since July 1, 1986, which included petitioner. Then, Division Six, on remand from the California Supreme Court to reconsider the validity of petitioner's commitment in light of *Anzalone*, upheld his commitment under the amended Section 2962. Next, Division Two of the California Court of Appeal for the Second Appellate District ("Division Two") overturned the Los Angeles Superior Court's order dismissing the State's petition to extend petitioner's commitment. Division Two concluded that the superior court lacked jurisdiction to decide the validity of petitioner's commitment while that question was before Division Six. Finally, petitioner was recommitted as an MDO.

Petitioner challenged his recommitment by filing a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Central District of California. The district court denied his petition, and this court granted a certificate of appealability on the following issue: whether petitioner's federal constitutional rights were violated when he was recommitted as an MDO.

Petitioner makes two arguments on appeal. His first argument is that he had a liberty interest in being released at the end of his original commitment and that Division Two deprived him of that interest without due process of law when it overturned the Los Angeles Superior Court's order dismissing the State's petition to extend his commitment. His second argument is that his recommitment is unconstitutional because it is based, in part, on a crime for which he was convicted that was not a ground for commitment at the time of his conviction.

Neither argument is persuasive. The first fails because petitioner has not shown that Division Two's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by 28 U.S.C. § 2254(d)(1). The second is foreclosed by the U.S. Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346, 370–71, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).

**AFFIRMED.**